UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - -

UNITED STATES OF AMERICA,    No. 1:19-cr-202

    Plaintiff,

v.    Hon. JANET T. NEFF
    U.S. District Judge

LLOYD DANIEL BATE,

    Defendant.
_____/

PLEA AGREEMENT

This constitutes the plea agreement between Lloyd Daniel Bate and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Pursuant to Federal Rule of Criminal Procedure 7(b), Defendant waives his right to indictment and agrees to plead guilty to Counts 3 and 5 of the Superseding Information. Count 3 charges Defendant with possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2). Count 5 charges Defendant with transportation of a minor with intent that the minor engage in criminal sexual activity in violation of Title 18, United States Code, Section 2423(a).

2. <u>Defendant Understands the Crimes</u>. In order for Defendant to be guilty of violating Title 18, United States code, Section 2252A(a)(5)(B), (b)(2), the following must be true:

a. Defendant knowingly possessed child pornography;

b. Defendant knew that the material was child pornography; and

c. The image and videos of child pornography was produced using materials that had been transported in or affecting interstate commerce.

In order for Defendant to be guilty of violating Title 18, United States Code, Section 2423(a), the following must be true:

d. Defendant knowingly transported an individual;

e. The individual transported was under 18 years of age;

f. Defendant intended the individual to engage in criminal sexual activity; and

g. The transportation was in interstate commerce.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B) is the following:

a. Not more than 20 years' imprisonment;

b. Supervised release of at least 5 years and up to life;

c. Not more than a $250,000 fine;

d. A mandatory special assessment of $100 (18 U.S.C. § 3013);

e. A mandatory special assessment of $5,000 (18 U.S.C. § 3014); and

f. A special assessment of up to $17,000 that may be imposed by the Court at the time of sentencing (18 U.S.C. § 2259A(a)(1).

The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2423(a) is the following:

h. Not less than 10 years nor more than life imprisonment;

i. Supervised release of at least 5 years and up to life;

j. Not more than a $250,000 fine;

k. A mandatory special assessment of $100 (18 U.S.C. § 3013); and

l. A mandatory special assessment of $5,000 (18 U.S.C. § 3014).

Defendant agrees to pay the special assessments outlined above (other than the special assessment under 18 U.S.C. § 2259A of up to $17,000 that must be determined by the District Judge at the time of sentencing) at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Sex Offender Registration.</u> Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

5. <u>Mandatory Restitution (MVRA).</u> Defendant agrees that the

restitution order is not restricted to the amounts alleged in the counts to which Defendant is pleading guilty. Defendant understands that he will be required to pay full restitution as required by law for all victims of the criminal conduct alleged in the Superseding Information, including dismissed counts.

6. <u>Probation Revocation.</u> Defendant understands that if Defendant is presently on probation in another case, the conviction in this case may result in revocation of such probation.

7. <u>Supervised Release Defined.</u> Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. <u>Asset Forfeiture and Financial Accountability.</u> Defendant agrees to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all monies, property or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, Defendant's illegal activities. Defendant further agrees to forfeit all rights, title, and interest in and to such items. Defendant specifically agrees to forfeit all rights, title and interest in all property and assets (including a Samsung

cell phone, a Western Digital hard drive, an Aurora computer tower, a Seagate Barracuda hard drive, an HP computer, a Logitech webcam, an iPad, a Nikon digital camera, three thumb drives; and four SD cards) seized by law enforcement officials on June 17, 2019, which Defendant admits were used to facilitate Defendant's criminal activity in violation of Title 18, United States Code, Section 2252A(a)(5), (b)(2). Defendant agrees to execute and deliver to the U.S. Attorney's Office a completed financial statement (Form OBD-500) listing Defendant's assets. Defendant agrees to the entry of an order of forfeiture at or before sentencing with respect to these assets and to the forfeiture of the assets.

9. <u>Factual Basis of Guilt.</u> Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

<u>Count 3:</u> Defendant possessed images of child pornography, knowing that the images were child pornography including, but not limited to, the following image and videos listed by filename:

1. 2-15-2019 7-34-20 PM.jpg,
2. 0 fuck kid pussy.mp4, and
3. 000 kid puts dic inside baby.mp4.

Defendant downloaded and stored the images on a Seagate Barracuda hard drive, which had been shipped in interstate commerce.

<u>Count 5:</u> Beginning in or about June 2018 and continuing through in or about November 2018, Defendant transported Victim, a girl who was 15 years

5

old at the time, from Indiana to his home in Michigan on multiple occasions with intent to make visual depictions of her lasciviously exhibited genitals, in violation of 18 U.S.C. § 2251. In furtherance of this plan, Defendant purchased items from Victoria's Secret for Victim and gave her money, in exchange for pictures of Victim. Defendant also coerced Victim into using drugs and then took pictures and videos of her after removing her clothing, including pictures and videos of her without a shirt or bra. The pictures of Victim focused on Victim's breasts and genital area. Defendant also showed Victim pictures of naked individuals who appeared to be minors. Defendant knew Victim was 15 at the time he was transporting her across state lines intending to make visual depictions of her lasciviously exhibited genitals.

10. <u>The United States Attorney's Office Agrees</u>.

   a. <u>Dismissal of Other Counts.</u> The U.S. Attorney's Office agrees to move to dismiss the Indictment and the remaining counts of the Superseding Information against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

   b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office

agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

   c. <u>Prison Placement.</u> The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

  11. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and

recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

13. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14. <u>Waiver of Right to Appeal or Collaterally Attack the Conviction and Sentence.</u>

a. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or

any other matter relating to this prosecution, except as listed below.

b. <u>Exceptions</u>. The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1) Defendant's sentence on the counts of conviction exceeded the statutory maximum for that count;

2) Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3) the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

4) Defendant's sentence is above the greater of the statutory mandatory minimum or the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

5) the guilty plea was involuntary or unknowing; or

6) an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue

10

in the proceeding other than those described in this subparagraph.

15. <u>FOIA Requests.</u>   Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. <u>The Court is not a Party to this Agreement</u>.   Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

17. <u>This Agreement is Limited to the Parties.</u>   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

19. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

*Remainder of page intentionally left blank*

*United States v. Lloyd Daniel Bate*
Case No. 1:19-cr-00202-JTN
Plea Agreement Signature Page

                        ANDREW BYERLY BIRGE
                        United States Attorney

12/13/2019                  /s/ Theodore J. Greeley
Date                             THEODORE J. GREELEY
                                  Assistant United States Attorney

    I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

3-5th 2020                 /s/ Lloyd D Bate
Date                             LLOYD DANIEL BATE
                                  Defendant

    I am Lloyd Daniel Bate's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3/5/2020                    /s/ Sanford A. Schulman
Date                             SANFORD A. SCHULMAN
                                  Attorney for Defendant
                                  Stefanie Lambert Junttila P71303